

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-29-2005

# Young v. New Sewickley

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1017

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Young v. New Sewickley" (2005). *2005 Decisions.* Paper 33.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/33

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Case No:  05-1017
_____

DALE YOUNG,

Appellant


v.


NEW SEWICKLEY TOWNSHIP, a political subdivision;
DALE KRYDER, an individual and in his official
capacity as the Chief of Police of New Sewickley Township
_____


On Appeal From the United States District Court
For the Western District of Pennsylvania
(Civil Action No. 03-cv-00376)
District Judge: The Honorable Terrence F. McVerry
_____


Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
October 20, 2005

Before: SMITH, BECKER, and NYGAARD, *Circuit Judges*

(Filed: December 29, 2005)
_____

SMITH, *Circuit Judge.*

Dale Young filed a complaint against New Sewickley Township and Dale Kryder, individually and in his official capacity as Chief of Police of New Sewickley, seeking relief under 42 U.S.C. § 1983 for alleged violations of his civil rights under the First, Fifth, and Fourteenth Amendments to the United States Constitution, and also asserting a state claim for intentional infliction of emotional distress. The complaint alleged that New Sewickley hired Young as a police officer in 1973 and that beginning in 1995, Chief Kryder began a course of conduct designed to deny Young his civil rights and damage his career as a police officer, which continued until Young's involuntary termination on July 3, 2001. The District Court granted the defendants' Rule 12(b)(6) motion to dismiss Young's constitutional claims and dismissed the state claim without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

Young conceded before the District Court that his Fifth Amendment Due Process claims should be dismissed, and he abandoned and waived his Fourteenth Amendment Due Process claims on appeal by failing to raise those claims in his brief. *See Kost v. Kozakiewicz*, 1 F.3d 176, 182 (3d Cir. 1993). Accordingly, we will affirm the District Court's judgment to the extent that it dismissed these claims.

Additionally, because Young's complaint failed to properly allege a violation of his civil rights arising under the First Amendment or the Fourteenth Amendment's Equal

Protection Clause, we hold that the District Court correctly concluded that Young's complaint failed to state any claim under § 1983. However, we also hold that before the District Court dismissed the case, it should have specifically advised Young that he could amend his complaint and given him a chance to do so. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). Accordingly, we will vacate the District Court's order to the extent that it dismissed these claims and the state law claim pursuant to 28 U.S.C. § 1367(c)(3), and we will remand for further proceedings consistent with this opinion.[1]

I.

Section 1983 does not create substantive rights, but rather provides a remedy for the violation of rights established elsewhere by federal law. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985). A § 1983 plaintiff must allege that some person has deprived him of a federal right, and that the person who has deprived him of that right acted under color of state or territorial law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). A § 1983 complaint need only satisfy the liberal notice pleading standard of Federal Rule of Civil Procedure 8(a). *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005).[2]

_____

[1] The District Court had original jurisdiction under 28 U.S.C. §§ 1331 and 1343, and we have appellate jurisdiction under 28 U.S.C. § 1291. Our standard of review for a district court's grant of a motion to dismiss under 12(b)(6) is plenary. *E.g., Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996).

[2] Prior to 1993, we applied a heightened pleading requirement in § 1983 actions, requiring the complaint to "contain a modicum of factual specificity, identifying the particular conduct of defendants that is alleged to have harmed the plaintiffs." *See*

Nonetheless, a district court is not required to credit a "bald assertion" when deciding a motion to dismiss under this liberal notice pleading standard, and the plaintiff cannot use allegations of civil rights violations that amount to nothing more than "conclusory, boilerplate language" to show that he may be entitled to relief under § 1983. *See id.* at 354-55.

Young's complaint failed to meet the liberal notice pleading standard of Rule 8(a) because it only alleged deprivations of his First and Fourteenth Amendment rights with conclusory language. Young's complaint alleged that the defendants' conduct deprived him of "[t]he rights guaranteed under the First Amendment to freedom of association" and "[t]he right to engage in constitutionally protected activity and the right to be free from retaliatory actions by the Defendants." These conclusory allegations did not identify any constitutionally-protected associational ties or expressive activities that allegedly gave rise to retaliatory actions, and thus the District Court was not required to credit these bald assertions.

Young's complaint also alleged that the defendants' conduct deprived him of "[t]he right of the Plaintiff to be given equal protection of the law as is guaranteed by the Fourteenth Amendment of the Constitution." A plaintiff stating a claim under the Equal

*Colburn v. Upper Darby Township*, 838 F.2d 663, 666 (3d Cir. 1988). But in *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163 (1993), the Supreme Court held that a federal court could apply only the ordinary notice pleading requirements under Rule 8(a) to a § 1983 action against a municipal corporation. *Id.* at 168. Accordingly, since the Supreme Court decided *Leatherman*, we have applied the liberal notice pleading standard in Rule 8(a) to § 1983 actions. *Evancho*, 423 F.3d at 352.

Protection Clause must allege that he has been treated differently because of his membership in a suspect class or his exercise of a fundamental right, or that he has been treated differently from similarly-situated others and that this differential treatment was not rationally related to a legitimate state interest. *See City of Cleburne v. Cleburne Living Center*, 473 U.S. 432 (1985). Young's complaint neither alleged his membership in a suspect class nor did it identify any exercise of a fundamental right that may have given rise to his alleged treatment. The complaint did allege, however, that Chief Kryder subjected Young to "regular harassment," failed to "enforce and/or properly apply the rules and regulations of the police department to [Young's] actions," and that "[n]o similarly situated police officers were treated in the same manner."

Nonetheless, because these allegations did not identify any occasions or circumstances in which Chief Kryder allegedly treated these unidentified police officers in a different manner than he treated Young, this bald assertion that other police officers were treated in a dissimilar manner did not provide the defendants with the notice required to frame a responsive pleading to Young's Equal Protection claim.[3] Accordingly, Young's conclusory allegation that Chief Kryder's conduct deprived him of his rights under the Equal Protection Clause was insufficient even under the liberal notice

---

[3]Because the District Court held that Young's allegation that he received different treatment in comparison to similarly-situated police officers was conclusory, it did not reach the issue of whether his complaint sufficiently alleged that his differential treatment was not rationally related to a legitimate state interest. Similarly, we do not reach this issue.

5

pleading standard of Rule 8(a).

Because the complaint's conclusory allegations that Chief Kryder deprived Young of his constitutional rights did not satisfy the liberal notice pleading requirements of Rule 8(a), his complaint failed to state a § 1983 claim against Chief Kryder as an individual. Without sufficiently pleading an underlying violation of Young's civil rights by Chief Kryder, the complaint's conclusory allegation that New Sewickley Township and Chief Kryder conspired to violate Young's civil rights by furthering Chief Kryder's course of conduct also failed to satisfy the pleading requirements of Rule 8(a). Consequently, Young's complaint failed to state a civil conspiracy claim under § 1983 against New Sewickley Township and Chief Kryder. Finally, because municipal liability under § 1983 requires that the municipality maintained a policy or custom which caused a deprivation of constitutional rights, *see Doby v. DeCrescenzo*, 171 F.3d 858, 867 (3d Cir. 1999), Young's complaint failed to state a § 1983 claim against New Sewickley Township and Chief Kryder in his official capacity.[4] Consequently, the District Court correctly concluded that Young's complaint was subject to Rule 12(b)(6) dismissal.

## II.

However, if a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or

---

[4]The Supreme Court has instructed that "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).

6

futile. *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). Moreover, the district court must provide the plaintiff with this opportunity even if the plaintiff does not seek leave to amend. *Id.* Accordingly, even when a plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment would be inequitable or futile, the court must inform the plaintiff that he has leave to amend the complaint within a set period of time. *See Grayson*, 293 F.3d at 108. The district court may dismiss the action if the plaintiff does not submit an amended pleading within that time, or if the plaintiff files notice with the district court of his intent to stand on the complaint. *See Shane v. Fauver*, 213 F.3d 113, 116 (3d Cir. 2000) (citing *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976)).

We have no indication in the record before us that the District Court provided Young with such an opportunity to amend his complaint before dismissing his action. Rather, the docket sheet and the District Court's memorandum opinion indicate that the District Court dismissed Young's § 1983 claims with prejudice after receiving the parties' briefs on the motion to dismiss. There also is no indication in the record that the District Court informed Young that he would have leave to amend his complaint within a set period. Finally, the memorandum opinion contained neither a finding that a curative amendment would be inequitable or futile, nor a finding that Young had failed to file a timely amended pleading or had filed notice of his intention to stand on the complaint.

Consequently, we will vacate the District Court's order to the extent that it

dismissed the § 1983 claims based on the alleged deprivations of Young's civil rights under the First Amendment and Fourteenth Amendment Equal Protection Clause. We will also vacate the District Court's order dismissing the state law claim pursuant to 28 U.S.C. § 1367(c)(3), and remand for further proceedings in accordance with this opinion.